JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6280 PA (MRWx) | Date | July 20, 2020 |
|---|---|---|---|
| Title | Felix Rodriguez v. Capri Urban Baldwin LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Capri Urban Baldwin LLC ("Defendant") on July 15, 2020. (Dkt. 1 ("Removal").) Defendant asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over this action brought by plaintiff Felix Rodriguez ("Plaintiff"). (Removal ¶3.)

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.; see also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 393. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one, or where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6280 PA (MRWx) | Date | July 20, 2020 |
|---|---|---|---|
| Title | Felix Rodriguez v. Capri Urban Baldwin LLC | | |

Defendant argues that "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. (Complaint ¶¶ 1-6)." (Removal ¶4.) But Plaintiff's Complaint does not include any specific claim for relief pursuant to the Americans with Disabilities Act ("ADA"). Rather, the Complaint specifies one claim for violation of the Unruh Civil Rights Act ("Unruh"), California Civil Code Section 51. (Id. at Ex. A at 4.) In Plaintiff's prayer for relief, she only seeks "$4,000 in damages, reasonable attorney fees, and costs" pursuant to California law. (Id. at 5.) She does not seek injunctive relief pursuant to the ADA. Compare Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (under the ADA, "damages are not recoverable . . . only injunctive relief is available.") (citing 42 U.S.C. § 12188(a)(1)).

"[T]here remains 'no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Persons Act, even though the California statute makes a violation of the [ADA] a violation of state law.'" Martinez v. Del Taco Inc., 2006 U.S. Dist. LEXIS 5563, at *14-15 (E.D. Cal. Feb. 14, 2006), aff'd, 252 F. App'x 148 (9th Cir. 2007) (citing Wander, 304 F.3d at 857). "To assume federal jurisdiction over damages claims based on a violation of the ADA would flout congressional intent. In addition, such action would disrupt the distinctions between federal and state jurisdiction over disability discrimination issues." Id. at *14. Plaintiff's Complaint contains a single citation to the ADA and states, "[b]y violating 42 U.S.C. § 12182 and 28 C.F.R. § 36.304, Defendants violated Civil Code section 51." (Removal at Ex. A at ¶7.) But the Ninth Circuit has clearly rejected the position that a "state-law claim 'arises under' federal law because the Unruh Civil Rights Act incorporates an ADA violation as an element." See Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618-19 (9th Cir. 2011). Without more, Defendant has failed to satisfy its burden in showing that federal question jurisdiction exists here.

For these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. This action is hereby remanded to Los Angeles County Superior Court, Case No. 20STLC04311, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.